## MARKLEY *v.* RAND.

Where several persons were sued as members of a joint stock company, and the suit was discontinued as to B, one of the defendants, and judgment was taken against all the others, upon which execution was subsequently issued, and the property of one M, who was not a party to the suit, taken to satisfy the same ; *Held,* That M cannot, by a bill in equity against the plaintiff in the judgment, set it aside upon the ground that the discontinuance of the suit as to B was a discontinuance as to all of the defendants.    The judgment cannot be attacked in this collateral manner.

If the Sheriff levies upon the property of a person not a party to the execution, he is responsible in an action at law.

APPEAL from the Fifth District, County of Tuolumne.

This was a bill in equity to set aside a judgment against appellant under the following circumstances :

The defendant, in November, 1853, loaned to J. M. Anderson, president of a joint stock association, the sum of $1,775, for which Anderson gave his notes signed by himself only as president of the company.

These notes, not being paid, defendant commenced suit against J. M. Anderson, E. B. Drake, R. Rupely, John Stevens, Richard Markley, John Doe and Richard Roe, as members of the association.    D. P. Baldwin was also served with process in said suit, (as John Doe or Richard Roe.)

Baldwin appeared in person and as attorney in the suit, putting in an answer for himself, denying that he was a member of the association, and another answer for defendants generally.

In March, 1855, the case was called on the calendar.    The plaintiff discontinued as to Baldwin.    After such discontinuance, Baldwin withdrew the general answer, and judgment was taken against all the

defendants except himself, to wit: Jas. M. Anderson, E. B. Drake, R. Rupely, Richard Markley and John Stevens.

Execution was afterwards issued thereon, and the goods of William J. Markley levied upon to satisfy the same.

W. J. Markley files this bill to set aside the judgment and execution. Defendant had judgment, and plaintiff appealed to this Court.

*W. P. Barber* for Appellant.

We ask for the reversal of the decree below upon two grounds:

I. That the discontinuance as to Baldwin, who is proven to have been a member of this association at the time of loaning the money, was a discontinuance as to all, and that consequently when that discontinuance took place, there was no suit pending on which judgment could be entered up.

II. The judgment and execution are against Richard Markley, and William J. Markley brings the suit, alleging that his goods have been levied on, and he harassed and vexed by reason of said judgment and execution.

*Heydenfeldt* for Respondent.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This was a bill in equity to set aside a judgment under the following facts: A suit was brought against several members of a joint stock association, one Baldwin among them. Baldwin denied he was a partner, and suit was dismissed as to him, and judgment rendered against several others for whom he was attorney. It is claimed now, that Baldwin was really a partner, and that the discontinuance of the suit as to him was a discontinuance as to all. No fraud is averred, certainly none shown; nor is it shown that this was not a joint debt as to the defendants charged, or that they have offered to pay the judgment, or their several proportions of it even, or that Baldwin suffered this judgment by collusion, or that he is insolvent. But the plaintiff below seems to suppose that this informality—supposing we could inquire into it—is sufficient to entitle him to attack the judgment of a Court

of competent jurisdiction in this collateral manner.   It is not clear, that in a direct proceeding by appeal the Court would reverse such a judgment for any cause assigned.   If there was error in the plaintiff in the case below, taking judgment, as he took it, in the face of the answer, by Baldwin denying that he was a partner, the other defendants should have availed themselves of the fact, which would have given them, then and there, the full benefit of the point.   They were represented by counsel.   If the counsel acted unfairly by them, he was responsible—not the plaintiff, unless he was in collusion with the counsel, which is not charged.   There was a full opportunity to contest every fact while the trial was going on, or before the Court lost jurisdiction of the case ; and the plaintiff cannot re-try the case by bill in equity.   If this were so in every case where by the neglect of the party, or his attorney, a judgment was rendered against him, the case could be taken from the Court of law into a Court of Chancery.

There is nothing in the point that judgment went and execution issued against Markley by the wrong name.   This should have been taken advantage of below.   If he be not the real defendant, and the Sheriff levies on his property, the Sheriff would be responsible in an action at law, and there is no need of equitable interference.

The decree is affirmed.